# UNITED STATES

*v.*

# MIGUEL DE PORRATA DORIA.

---

EVIDENCE—SALE OF UNITED STATES PROPERTY.

1. Documents purporting to be a concession to use and dispose of United States property, given by the military governor of Porto Rico, and other papers from subordinate officers recognizing his act, are inadmissible in an action of ejectment by the United States to recover the property.
2. Property of the United States cannot be sold or disposed of by any executive or military officer without the authority of the Congress of the United States.

May 18, 1902.

---

*Mr. Pettingill,* District Attorney, for plaintiff.

*Mr. F. H. Dexter* for defendant.

HOLT, Judge, delivered the following opinion:

In this action of ejectment for a little island near the mainland of Porto Rico, known as "Caja de Muertos," the defendant objected at the outset to the introduction of any evidence by the plaintiff, upon the ground that whatever right, if any, it may have had to the property sued for, was by the act of Congress of April 12th, 1900, creating civil government in Porto Rico, transferred to the latter; and the plaintiff therefore could

PORTO RICO—27.

United States v. De Porrata Doria.

have no title or right to sue. This objection was not well taken. The first clause of the organic act recites the cession to the United States by Spain of Porto Rico and the adjacent islands, and § 13 thereof, that enumerates the property so acquired, the control of which is transferred to Porto Rico, does not include property of the description of that in contest.

The defendant now offers in support of his defense an order of General Guy V. Henry, who was then the commanding general of the Department of Porto Rico, and as such its military governor, dated January 29th, 1899, giving him the possession, provisionally and pending a proper concession of the island, to remove phosphates for a certain rental and royalty. Prior to this and beginning in 1893 there had been a controversy between certain parties, including this defendant, for a concession from the Spanish government to remove the phosphates from the island; but none had been granted. The defendant also offers to introduce as evidence a writing given by General Henry, of date April 20th, 1899, granting the concession, and ratifying the previous provisional grant to utilize and remove phosphate from the island in accordance with the mining laws of Porto Rico, he to pay for the land and products such taxes or excise as the law required. This purported grant was unlimited as to time. The instrument, in the body of it, speaks of it both as a concession and a property title. Notice was given of it in the Official Gazette; and this notice, together with certain other papers issued by subordinate officers, based upon, recognizing, and carrying out this order, and speaking of it as a title of ownership, or title of possession, or title deed, are also offered in evidence. The introduction as evidence of these writings is objected to by the plaintiff.

Owing to hardship that may exist or arise, the court has given the question as careful consideration as lies in its power. It

has had to do so mainly in the absence of authorities, as they are not at hand for consultation. It is urged that the military government, for purposes of general administration, was a government *de facto,* and, as such, all of its acts valid. The military power, however, and operating as a military government, is of necessity, and can only act so far as is necessary. It supersedes the local law so far as to maintain order, and protect life, liberty, and property. As few changes in the ordinary administration and local law as possible are to be made. The Constitution of the United States in article 4, § 3, ¶ 2 provides: "Congress shall have power to dispose of, and make all needful rules and regulations respecting, the territory or other property belonging to the United States." This provision is quite comprehensive. Neither land nor interests therein of the United States can be sold or in any way disposed of by any executive official or military officer without the authority of the Congress of the United States. This is also shown by the fact that by the act of Congress of July 28th, 1892, authority was given to the Secretary of War, in his discretion, to lease for a period not exceeding five years, and revokable at any time, such property of the United States as might not at the time be required for public use; but this act specially excepted phosphate lands. Save under congressional authority, the lands of the United States cannot be conveyed by lease for any time whatever. No usufructuary interest in them can be conveyed away by any officer of the United States without the authority of Congress. Not even a right of way over a military reservation can be so granted. The special authority of law is needed for such a purpose, and this extends even to the power of the President of the United States.

In the opinion of the court, therefore, the writings offered as evidence are not competent, and are excluded, to which the defendant excepts.